IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **SHANETTE JENKINS-PARKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 25-cv-2207-SHL-tmp |
| | ) |
| **PORTFOLIO RECOVERY ASSOCIATES,** | ) |
| | ) |
| Defendant. | ) |

---

## REPORT AND RECOMMENDATION

---

Before the court is *pro se* plaintiff Shanette Jenkins-Parks's complaint.[1] Because Jenkins-Parks is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Jenkins-Parks's complaint be dismissed.

### I.   PROPOSED FINDINGS OF FACT

Jenkins-Parks filed her complaint on February 24, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (ECF No. 2.) She alleges that

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2]The undersigned granted Jenkins-Parks leave to proceed *in forma pauperis* on July 18, 2025. (ECF No. 7.)

she "is a consumer as defined under the FCRA and FDCPA,"[3] and that defendant Portfolio Recovery Associates ("PRA") "is a debt collection agency." (Id. at PageID 2.) Jenkins-Parks states that she "discovered inaccurate and misleading information on [her] credit report furnished by [PRA], specifically[] [PRA] placed a soft inquiry on [her] credit report without proper authorization or any related debt."[4] (Id.) She alleges that she "disputed the inaccurate information with credit reporting agencies, yet [PRA] failed to conduct a reasonable investigation." (Id.) As a result, she claims that she suffered "damage to [her] creditworthiness, financial standing, and emotional distress." (Id. at PageID 3.)

Jenkins-Parks seeks to bring one claim each under the FCRA and the FDCPA.[5] (Id.) First, it appears that Jenkins-Parks is alleging PRA violated § 1681s-2(b) of the FCRA based on its failure

---

[3] The FCRA defines a consumer broadly as "an individual." 15 U.S.C. § 1681a(c). The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[4] "A soft inquiry occurs when a person or company checks your credit report as part of a background check or when an individual checks his/her credit score." Malcolm v. Am. Express Nat'l Bank, No. 3:23-CV-545, 2024 WL 4218019, at *1 n.2 (W.D. Ky. Sept. 17, 2024) (quoting McMahan v. Byrider Sales of Ind. S, LLC, No. 3:17-CV-00064-GNS, 2017 WL 4077013, at *1 n.1 (W.D. Ky. Sept. 14, 2017)) (citation modified).

[5] Jenkins-Parks does not identify specific sections of either law. (See ECF No. 2 at PageID 3.) Thus, the undersigned has attempted to identify the relevant provisions based on the allegations of her complaint.

to conduct a reasonable investigation into disputed information.[6] (Id.) Second, it appears that Jenkins-Parks is alleging that PRA violated § 1692f of the FDCPA, stating that it "engaged in unfair and deceptive collection practices by furnishing and maintaining inaccurate information." (Id.) As relief, she requests actual, statutory, and punitive damages, as well as costs for filing this suit. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff

---

[6]Although Jenkins-Parks's allegations are consistent with the language of § 1682s-2(b), her statement that PRA performed an impermissible soft inquiry is also consistent with a claim under § 1681b. Thus, the undersigned will address this alternative section.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   FCRA Claim**

It appears that Jenkins-Parks seeks to bring her first claim under § 1681s-2(b) of the FCRA. "[Section] 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."[7] Boggio v. USAA Fed. Sav. Bank, 696

---

[7]"While § 1681s-2 does not define 'furnisher,' courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" Carter v. Holzman L., PLLC, No. CV 24-11990, 2025 WL

F.3d 611, 614 (6th Cir. 2012). "[It] works in two phases." Id. First, under § 1681s-2(a), "it imposes a duty to provide accurate information." Carter, 2025 WL 1065379, at *4 (citing LaBreck, 2016 WL 6927454, at *2). Second, under § 1681s-2(b), it imposes "a duty to undertake [a reasonable] investigation upon receipt of notice of dispute from a [consumer reporting agency]." Id. (citing LaBreck, 2016 WL 6927454, at *2).

"A private cause of action against a furnisher of information [under § 1681s-2(b)] does not arise until a consumer reporting agency provides proper notice of a dispute." Brown v. Wal-Mart Stores, Inc., 507 F. App'x 543, 547 (6th Cir. 2012) (citing Boggio, 696 F.3d at 615-16). Thus, to plausibly state a claim under § 1681s-2(b), a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)-(E). See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18) (affirming dismissal of complaint under Rule 12(b)(6) because plaintiff "did not allege that [defendant] violated any of the

---

1065379, at *3 (E.D. Mich. Feb. 13, 2025), report and recommendation adopted, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) (quoting LaBreck v. Mid-Mich Credit Bureau, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).

statutory duties to investigate and properly report information once notified of her dispute related to [defendant]"); see also Green v. Cont. Callers, Inc., No. 3:21-CV-2005, 2022 WL 2209436, at *2 (N.D. Ohio June 21, 2022) (citing Rajapakse, 2021 WL 3059755, at *2) (finding that plaintiff failed to state a § 1681s-2(b) claim).

Here, Jenkins-Parks alleges that PRA reported inaccurate information by "plac[ing] a soft inquiry on [her] credit report without proper authorization or any related debt," that she disputed that information with "credit reporting agencies," and that PRA then failed to conduct a reasonable investigation. (ECF No. 2 at PageID 2.) She has not plausibly alleged any facts to plausibly plead a claim.

First, although Jenkins-Parks alleges that PRA "placed a soft inquiry," (id.), she has not alleged any facts describing how a "soft inquiry" constitutes inaccurate or misleading information. See Settles v. Trans Union, LLC, No. 3:20-CV-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020) ("[T]o establish any FCRA violation Plaintiff must show that the credit report is patently incorrect or materially misleading"; finding that plaintiff had not plausibly alleged that the reported information was inaccurate and dismissing for failure to state a claim). Indeed, several courts within the Sixth Circuit have explained that "[s]oft inquiries do not affect credit scores in any way."

Malcolm, 2024 WL 4218019, at *1 n.2. (quoting McMahan, 2017 WL 4077013, at *1 n.1); see also Lockhart v. Deluca, No. 2:23-CV-11873-TGB-EAS, 2023 WL 5963429, at *1 n.2 (E.D. Mich. Sept. 13, 2023) ("A 'soft inquiry,' meanwhile, has no impact on a credit score[.]"). Second, Jenkins-Parks has not alleged that a consumer reporting agency notified PRA of her dispute to trigger its duties under the FCRA—let alone identified which consumer reporting agencies she filed a dispute with. See Green v. Navy Fed. Credit Union, No. 3:24-CV-632, 2024 WL 4564421, at *2 (N.D. Ohio Oct. 24, 2024) ("Absent this essential element, Plaintiff's FCRA claim cannot proceed and fails as a matter of law."). Lastly, she has not alleged any facts as to how PRA "violated any of the statutory duties to investigate and properly report information once notified of her dispute." Rajapakse, 2021 WL 3059755, at *2 (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18). Accordingly, Jenkins-Parks fails to state a § 1681s-2(b) claim.

Although Jenkins-Parks fails to plead a § 1681s-2(b) claim, construing her complaint liberally, her allegations also track the language of § 1681b. Section 1681 "regulates the permissible uses of 'consumer reports,' which summarize credit history and credit worthiness, and [the FCRA] creates a private right of action allowing injured consumers to recover for negligent and willful violations[.]" Bickley v. Dish Network, LLC, 751 F.3d 724, 728 (6th Cir. 2014) (citing 15 U.S.C. §§ 1681b, 1681n, 1681o). To that

end, under § 1681b(a)(3), a consumer reporting agency may only provide a report to a person (or entity) where it has reason to believe the person:

>**(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
>**(B)** intends to use the information for employment purposes; or
>
>**(C)** intends to use the information in connection with the underwriting of insurance involving the consumer; or
>
>**(D)** intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
>
>**(E)** intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
>
>**(F)** otherwise has a legitimate business need for the information—
>
>>**(i)** in connection with a business transaction that is initiated by the consumer; or
>>
>>**(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.
>
>**(G)** executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

15 U.S.C. § 1691b(a)(3). "A plaintiff bringing a claim for an improper use of a credit report must show the requisite culpability

and three additional elements: (i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." Durbin v. AmeriCredit Fin. Servs., Inc., 466 F. Supp. 3d 743, 747 (W.D. Ky. 2020) (quoting Bickley, 751 F.3d at 728) (discussing elements of a § 1681b claim under Rule 12(b)(6)) (citation modified). Jenkins-Parks's claim under § 1681b still fails because her complaint is limited to a conclusory allegation that PRA did not have a proper purpose to access her report, without pleading any factual details in support. See Miles v. Equifax Info. Servs., LLC, No. 1:22-CV-00283, 2023 WL 5410379, at *3 (N.D. Ohio Aug. 22, 2023) (finding plaintiff failed to state a § 1681b claim where they alleged only that a "consumer credit report was furnished that included items that [plaintiff] did not expressly provide written instruction to furnish").

Because Jenkins-Parks fails to state claims under both § 1681s-2(b) and § 1681b, the undersigned recommends that her FCRA claim be dismissed.

**C.   FDCPA Claim**

It appears that Jenkins-Parks seeks to bring her second claim under § 1692f of the FDCPA. "Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors." Currier v. First Resol. Inv. Corp., 762 F.3d 529, 533 (6th Cir. 2014) (citations omitted).

Section 1692f of the FDCPA "prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt." Carter, 2025 WL 1065379, at *6 (quoting 15 U.S.C. § 1692f) (citation modified). "It sets forth a non-exhaustive list of conduct that rises to that level." Currier, 762 F.3d at 534. (citing Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461–62 (6th Cir. 2013), abrogated by Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466 (2019); Limited, Inc. v. C.I.R., 286 F.3d 324, 332 (6th Cir. 2002)). To state a claim under the FDCPA, Jenkins-Parks must allege that: (1) she is a "consumer" under the FDCPA; (2) the "debt" arises out of transactions entered primarily for personal, family or household purposes; (3) PRA is a "debt collector" as defined by the FDCPA, and (4) PRA violated a provision of the FDCPA in attempting to collect a debt. White v. Universal Fid., LP, 793 F. App'x 389, 391 (6th Cir. 2019) (citing Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015)).

Jenkins-Parks fails to state a FDCPA claim. First, she has not alleged any facts identifying a personal debt. Second, despite her allegations that PRA is a debt collector, such conclusory allegations alone are insufficient. See Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 480 (6th Cir. 2020) ("But we need not accept th[e] 'conclusory statement[]' [that defendants 'were acting as debt collectors'] as true if the complaint has not supported it with enough pleaded facts to plausibly suggest that [defendants]

- 10 -

were, in fact, general debt collectors." (citations omitted) (second bracket in original)). The Sixth Circuit has explained that the FDCPA's "general debt-collector definition ties a defendant's 'debt collector' status not to what the defendant specifically did in a given case, but to what the defendant generally does." Id. at 480–81 (citing Thompson v. Five Bros. Mortg. Co. Servs. & Securing, Inc., 800 F. App'x 369, 371–72 (6th Cir. 2020); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 411 (6th Cir. 1998); Henson v. Santander Consumer USA Inc., 582 U.S. 79 (2017)). Jenkins-Parks's complaint "contains [] no well-pleaded allegations about the principal business or regular activities" of PRA. Id. at 481; see also Wilkinson v. Passport Labs, Inc., No. 22-10714, 2022 WL 4870793, at *6 (E.D. Mich. Oct. 3, 2022) ("[Plaintiff's] conclusory allegation that [defendant] is a debt collector under the FDCPA is insufficient to survive a motion to dismiss." (citing Iqbal, 556 U.S. at 679)). Lastly, although § 1692f is meant to be non-exhaustive, Jenkins-Parks has not alleged any facts demonstrating how PRA's alleged "furnishing and maintaining inaccurate information," (ECF No. 2 at PageID 3), was an unfair or unconscionable attempt to collect a debt. See Jones v. U.S. Dep't of Educ., No. 2:15-CV-10171, 2017 WL 9471877, at *12 (E.D. Mich. Feb. 12, 2017) (finding plaintiff failed to allege facts demonstrating how "the defendant used an unfair or unconscionable practice to collect or attempt to collect the debt"

under § 1692f), report and recommendation adopted, 2017 WL 875297 (E.D. Mich. Mar. 6, 2017), aff'd, No. 17-1516, 2017 WL 9291893 (6th Cir. Dec. 8, 2017). Accordingly, Jenkins-Parks fails to state a § 1692f claim, and the undersigned recommends that this claim be dismissed.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Jenkins-Parks's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 18, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**