IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHANETTE JENKINS-PARKS,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br><br>    Defendant. | No. 2:25-cv-02207-SHL-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

Plaintiff Shanette Jenkins-Parks filed a pro se complaint against Defendant Portfolio Recovery Associates ("Portfolio") for alleged violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 2.) Chief Magistrate Judge Tu M. Pham screened her complaint under 28 U.S.C. § 1915(e)(2).[1] In his Report and Recommendation ("R&R"), Judge Pham finds that the complaint fails to state a claim and recommends that it be dismissed. (ECF No. 8 at PageID 20, 23.) There being no objections to the R&R, and finding no clear error, it is **ADOPTED**.

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

---

[1] Because Jenkins-Parks is proceeding in forma pauperis (ECF No. 7), her complaint must be preliminarily screened to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Jenkins-Parks's deadline to object to the R&R was August 1, 2025.  (See ECF No. 8 at PageID 23.)  She has not filed any objections.

Jenkins-Parks's two-page complaint is sparse on the details.  (See ECF No. 2.)  She only provides two facts in support of her two claims.  (ECF No. 2 at PageID 2.)  First, she alleges that Portfolio "placed a soft inquiry on Plaintiff's credit report without proper authorization or any related debt."  (Id.)  She then states that she "disputed the inaccurate information with credit reporting agencies, yet Defendant failed to conduct a reasonable investigation as required under the FCRA."  (Id.)  Thus, she claims that Portfolio violated (1) the FCRA because it "failed to ensure the maximum possible accuracy of the information reported" and "failed to conduct a reasonable investigation into [her] disputes" and (2) the FDCPA because it "engaged in unfair and deceptive collection practices by furnishing and maintaining inaccurate information."  (Id. at PageID 3.)

In his R&R, Judge Pham correctly finds that Jenkins-Parks failed to allege any facts to plausibly plead a claim under either the FCRA or the FDCPA.  Beginning with the FCRA, Judge Pham reads Jenkins-Parks's complaint to have made claims under both §§ 1681s-2(b) and 1681b. To state a claim under § 1681s-2(b), Jenkins-Parks must allege that (1) she disputed inaccurate information to a credit reporting agency, (2) that agency notified Portfolio of the dispute, and (3) Portfolio failed to reasonably investigate the dispute.  See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)).

Jenkins-Parks has not alleged any facts explaining how a soft inquiry constitutes

2

inaccurate or misleading information. Moreover, she has not identified the credit reporting agency she contacted, and she has not alleged that this agency notified Portfolio of the dispute. (Id.) Thus, Jenkins-Parks has pled no facts to show that Portfolio's duty to reasonably investigate was triggered, and, even if it were, she does not specifically explain how Portfolio violated its duty. Jenkins-Parks has thus failed to state a claim under § 1681s-2(b).

The same is true of Jenkins-Parks's claim under § 1681b of the FCRA. That provision "regulates the permissible uses of 'consumer reports,' which summarize credit history and credit worthiness, and [the FCRA] creates a private right of action allowing injured consumers to recover for negligent and willful violations[.]" (ECF No. 8 at PageID 18 (quoting Bickley v. Dish Network, LLC, 751 F.3d 724, 728 (6th Cir. 2014).) As the R&R concluded, Jenkins-Parks has not plausibly alleged any facts that support her conclusory allegation that Portfolio did not have a proper purpose to access her report. Accordingly, the R&R is correct in finding that Jenkins-Parks fails to state a claim under § 1681b.

Jenkins-Parks's claim under § 1692f of the FDCPA is similarly deficient. To plead a claim under the FDCPA, Jenkins-Parks must allege that (1) she is a "consumer," (2) her debt arises out of transactions for personal or household purposes, (3) Portfolio is a debt collector, and (4) Portfolio violated a provision of the FDCPA in attempting to collect on her debt. See White v. Univ. Fidelity, LP, 793 F. App'x 389, 391 (6th Cir. 2019) (citing Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015)). Jenkins-Parks has failed to plead any factual support identifying any personal debt at issue and has failed to allege anything more than the conclusory allegation that Portfolio is a debt collector. Accordingly, Judge Pham's conclusion that Jenkins-Parks has failed to state a claim under the FDCPA

The Court has reviewed the R&R in its entirety for clear error and finds none. The R&R

correctly found that Jenkins-Parks's barebones complaint failed to state a claim under the FCRA or the FDCPA and, given the breadth of the missing details, it should be dismissed. Thus, the R&R is **ADOPTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 11th day of August, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE